No. 04-98-00936-CV



Toni K. SMITH and Thomas H. Smith,


Appellants



v.



Jack MOCK,


Appellee



From the County Court at Law, Guadalupe County, Texas


Trial Court No. 3477


Honorable Linda Z. Jones, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: January 27, 1999


DISMISSED FOR LACK OF JURISDICTION


 Toni K. Smith and Thomas H. Smith filed a notice of appeal from a judgment signed June
23, 1998. The Smiths timely filed a motion for new trial that extended the time for perfecting an
appeal. See Tex. R. Civ. P. 329b(g); Tex. R. App. P. 26.1(a). Thus, the notice of appeal was due
September 21, 1998, or a motion for extension of time to file the notice of appeal was due fifteen
days later on October 6, 1998. See Tex. R. App. P. 26.1, 26.3. Appellants did not file a timely notice
of appeal or a motion for extension of time to file the notice of appeal. However, on November 6,
1998 they filed a notice of appeal.

 A motion for extension of time is necessarily implied when an appellant, acting in good faith,
files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time. See Verburgt v. Dorner, 959 S.W.2d
615, 615 (1997) (construing the predecessor to Rule 26). But "once the period for granting a motion
for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's
jurisdiction." Id.

 On December 21, 1998, we ordered appellants to file, on or before January 6, 1999, a
response showing cause why this appeal should not be dismissed for lack of jurisdiction and advised
appellants the appeal would be dismissed if they failed to satisfactorily respond within the time
provided. See Tex. R. App. P. 42.3(a), (c). Appellants have not filed a response to our December 21,
1998 order. We therefore dismiss this appeal for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH


Return to
4th Court of Appeals Opinions